UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL STEEL BUILDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ALRAYMAR, LLC, <br><br> Defendant. | Civil Action No. 2:21-cv-0928 |

# COMPLAINT

Plaintiff Universal Steel Buildings Corp., by and through its attorneys, Clark Hill PLC, states this Complaint against Defendant Alraymar, LLC, and avers as follows.

## PARTIES

1. Plaintiff Universal Steel Buildings Corp. ("Universal"), is a Pennsylvania corporation with principal offices located at 400 Island Avenue, McKees Rocks, Allegheny County, Pennsylvania 15136.

2. Defendant Alraymar, LLC ("Alraymar"), is a Florida limited liability corporation with principal offices located at 5190 North Bay Road, Miami Beach, Florida 33140.  On information and belief, none of the members of Alraymar are citizens of, are incorporated in, or have a principal place of business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

3. This is an action between citizens of different states and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.  This Court, therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

- 2 -

4. A substantial part of the events giving rise to Universal's claims occurred within the judicial district of the United States District Court for the Western District of Pennsylvania. Accordingly, venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2).

5. This Court has jurisdiction over the Defendant pursuant to the Pennsylvania Long Arm Statute, 42 Pa.C.S.A. § 5301, *et seq*., and principles of due process.  Moreover, Alraymar has submitted to the jurisdiction of this Court and agreed to accepted venue in Allegheny County, Pennsylvania, pursuant to the agreement it entered into with Universal dated October 9, 2020 (the "Contract").  A copy of the Contract is attached hereto as Exhibit A.

6. This Court has authority to hear this action, in part, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because, under all of the circumstances, the parties have a definite and concrete dispute as to their legal relations and their adverse legal interests that is real, substantial, and immediate.

## FACTUAL BACKGROUND

7. Pursuant to the Contract, Alraymar purchased a pre-engineered metal building (the "Building") from Universal and agreed to pay $102,425.00 for the Building.

8. Pursuant to the Contract and correspondence of the parties, Universal attempted to make arrangements to deliver the Building to a Florida delivery address designated by Alraymar.

9. As a result of certain delivery concerns and other matters raised by Alraymar, the parties entered into a May 10, 2021 Settlement and Mutual Release Agreement (the "Settlement").  A copy of the Settlement is attached hereto as Exhibit B.

10. Since that time, Universal has undertaken efforts to perform the parties' Contract and Settlement and to arrange to deliver the Building and components therefor to Alraymar's designated delivery location on the terms agreed to in the Contract and Settlement.

- 3 -

11. Since the execution of the Settlement, however, Alraymar has repeatedly raised and asserted the applicability of the requirements of the Miami-Dade County Building Code despite the fact that such requirements are not a part of the Contract or Settlement and were not agreed to between the parties.

12. On information and belief, Alraymar asserted the application of the Miami-Dade County Building Code on or about May 28, 2021 due to its own conversations, interactions, and/or certifications with or to a local Bahamian governmental agency having jurisdiction over the location at which Alraymar intends to erect the Building.

13. Universal has requested reasonable assurance that Alraymar will accept delivery of the Building on the terms specified in the Contract and Settlement and without referenced to the Miami-Dade County Building Code, but Alraymar has refused to provide such assurance.

14. Instead, in response, Alraymar has indicated that it reserves all rights with respect to its assertions that the Building and component parts to be delivered under the Contract and Settlement must meet the provisions of the Florida Building Code, as modified and supplemented by the Miami-Dade County Building Code.

15. Alraymar has further asserted its belief that Universal has engaged in a pattern of purportedly actionable misrepresentations both to Alraymar and more generally to potential customers and consumers of Universal's products, which Universal expressly denies.

16. As a result of the foregoing assertions by Alraymar, Universal reasonably and currently anticipates that Alraymar will contest and dispute the compliance of the Building to be delivered to Alraymar with the terms of the parties' Contract and Settlement, refuse to honor its obligations thereunder or to accept Universal's performance thereof, and otherwise contest Universal's performance and its representations made in the course thereof.

## COUNT I – DECLARATORY JUDGMENT

17. The averments of the preceding paragraphs are incorporated herein by reference as though set forth here at length.

18. The Contract and Settlement form valid and binding obligations between the parties as expressed in writing and integrated therein.

19. The Contract and Settlement provide the terms and conditions on which Universal is to perform and deliver to Alraymar a Building and components therefor.

20. The Contract and Settlement do not provide for the delivery of a Building to Alraymar that must comply with the Miami-Dade County Building Code.

21. Alraymar's assertion that the Building to be delivered to Alraymar must comply with the Miami-Dade County Building Code is contrary to and does not form a part of the terms and conditions of the Contract and Settlement.

22. As a result, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the parties have a definite and concrete dispute, under all of the circumstances, as to their legal relations and their adverse legal interests that is real, substantial, and immediate.

23. Universal is entitled to a judgment determining the parties' legal rights and declaring that the Contract and Settlement do not require that the Building to be delivered comply with the Miami-Dade County Building Code.

WHEREFORE, Plaintiff Universal Steel Buildings Corp. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Alraymar, LLC, declaring that the Contract and Settlement do not require compliance with the Miami-Dade County Building Code, together with attorney's fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT BY ANTICIPATORY REPUDIATION

24.The averments of the preceding paragraphs are incorporated herein by reference as though set forth here at length.

25.The Contract and Settlement form valid and binding obligations between the parties as expressed in writing and integrated therein.

26.Universal has offered to fully perform and is performing all obligations to date under the of the Contract and Settlement.

27.Universal has made written request for reasonable and adequate assurances from Alraymar that it will accept performance, and perform its own obligations, in accord with the terms and conditions of the Contract and Settlement.

28.Alraymar has failed to provide reasonable and adequate assurances that it will accept performance and perform its own obligations in accord with the terms and conditions of the Contract and Settlement.

29.Instead, Alraymar has asserted that performance will not be fully accepted unless the Building delivered is in compliance with the Miami-Dade County Building Code, which is not a term or requirement of either the Contract or the Settlement.

30.Alraymar's failure to provide reasonable and adequate assurances of performance and acceptance of Universal's performance constitutes an anticipatory repudiation and breach of the Contract and Settlement, including without limitation under the terms of the Pennsylvania Commercial Code and other applicable law.

31.As a result of Alraymar's anticipatory repudiation and breach, Universal is entitled to the enforcement of all rights and remedies available under applicable law, including without limitation under the terms of the Pennsylvania Commercial Code.

32.	Universal has been damaged by Alraymar's breach in an amount equal to the balance due under the Contract and Settlement, as adjusted for any payment received, together with additional incurred costs and damages recoverable under applicable law as a result of Alraymar's anticipatory repudiation and breach.

33.	Pursuant to paragraph 20 of the Contract, Alraymar is liable for reasonable attorney's fees and litigation expenses incurred by Universal in responding to Alraymar's anticipatory repudiation and breach and in recovering the damages occasioned by such breach.

WHEREFORE, Plaintiff Universal Steel Buildings Corp. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Alraymar, LLC, for all available expectation, compensatory, and other damages recoverable under the Contract and Settlement, or otherwise under the Pennsylvania Commercial Code and other applicable law, together with pre-judgment interest, attorney's fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

CLARK HILL PLC

Dated: July 16, 2021

/s/ J. Alexander Hershey
J. Alexander Hershey
Pa. I.D. No. 84741
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Facsimile:   (412) 394-2555
E-mail:  ahershey@clarkhill.com

*Counsel for Universal Steel Buildings Corp.*